UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DUAN LATTIMORE, JR.,

    Plaintiff,

vs.

TRI-STATE AUTO SALES, *et al.*,

    Defendants.

Case No. 1:25-cv-401

Hopkins, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Plaintiff brings this *pro se* action against Tri-State Auto Sales, Cincinnati Premier Finance, Glick Management, Joseph Glick and EZ Tow. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's complaint and amended complaint to determine whether the complaint and amended supplement, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).[1]

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized

---

[1] Plaintiff filed a motion to amend the complaint on August 6, 2025. (See Doc. 1). Plaintiff appears to assert that the amended complaint is meant as a supplement to the initial complaint. Id. Plaintiff's initial complaint has not yet been served. As such, Plaintiff is permitted to amend as a matter of course without seeking leave of court. See Fed. R. Civ. P. 15 (a)(1).

federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are fantastic or delusional in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows

2

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Here, Plaintiff's complaint and supplemental amended complaint appear to arise out of Plaintiffs purchase of a 2018 Buick Envision and subsequent repossession of the vehicle after Plaintiff missed payments as set forth in the finance agreement. Plaintiff claims, *inter alia,* that Cincinnati Premier Finance wrongfully repossessed the vehicle and was not a properly licensed finance company. Plaintiff also appears to assert that Defendants engaged in a pattern of misconduct, misrepresentation, fraudulent transactions and possible RICO violations. (Doc. 16). Plaintiff's amended complaint also attaches an amended complaint filed in the Hamilton County Common Pleas Court, *Lattimore v. Cincinnati Premier Finance*, Case No. A2503331. (Doc. 16 at 3), as well as a motion to compel in another case filed by Plaintiff in Hamilton County Municipal Court, *Lattimore v. Cincinnati Premier Finance*, Case No. 25-cv-18965. Id at 9. The claims

raised in state court mirror those here.

Plaintiff appears to assert jurisdiction based on federal question and diversity. For relief, Plaintiff seeks up to $80,000 in cash or gold and return of the vehicle. Upon careful review, the undersigned finds that Plaintiff's complaint should be dismiss for lack of jurisdiction and for failure to state a claim upon which relief maybe granted.

At the outset the Court finds that Plaintiff's complaint is barred by the *Younger* abstention doctrine. Based on the abstention doctrine adopted by the Supreme Court in *Younger v. Harris,* 401 U.S. 37 (1971), a federal court must abstain from interfering in state court proceedings if "(1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions." *Lenard v. City of Cleveland*, 2017 WL 2832903 at *4 (N.D. Ohio 2017), *citing Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Here, the state court case is currently on-going and involves the same issues against the same Defendants raised in this case. There is a pending motion to dismiss in the state case and a case management conference set for September 16, 2025. *Lattimore v. Cincinnati Premier Finance*, Case No. A2503331. Accordingly, this Court may not interfere with Plaintiff's on-going state proceeding.[2] *See Younger*, 401 U.S. at 37.

---

[2] The undersigned recognizes that the state court actions were filed weeks after the instant action. However, Plaintiff filed an added complaint in this matter after filing the state court actions and this matter has yet to be served. As such, abstention remains proper here. *See Hicks v. Miranda*, 422 U.S. 332, 349, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975) (state court proceedings that arise after a litigant files a federal complaint warrant abstention if no substantial proceedings on the merits of the federal claims have occurred). Furthermore, that state case has proceeded further along on the merits than this federal case.

Plaintiff's complaint also fails to state a claim upon which relief may be granted. As noted above, Plaintiff's complaint, supplemental amended complaint, and attachments show that Plaintiff purchased 2018 Buick Envision and failed to make the required bi-weekly payments under a valid and enforceable Retail Installment Contract and Security Agreement. The vehicle was then repossessed. Plaintiff's complaint, supplemental amended complaint and attachments do not provide any factual support to establish that Defendants violated federal or state law. Plaintiff provides no legal authority to support his allegation that any defendant is required to possess a valid lending license. Furthermore, even if Plaintiff had stated sufficient factual support, he has failed to allege that he has a private cause of action for the claims he is asserting.

Accordingly, for these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE** for lack of subject matter jurisdiction and for failure to state a claim for relief and all pending motions (Docs. 2, 8, 11, 12, 13, 14, 15, 16) be **DENIED as MOOT**. It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DUAN LATTIMORE, JR.,                   Case No. 1:25-cv-401

    Plaintiff,

                                                      Hopkins, J.
vs.                                                    Bowman, M.J.

TRI-STATE AUTO SALES, *et al.*,

    Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).