IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DUAN B. LATTIMORE, JR., | : |
| *Plaintiff*, | : Case No. 1:25-cv-00401 |
| vs. | : Judge Jeffery P. Hopkins |
| TRI-STATE AUTO SALES, *et al.*, | : |
| *Defendants*. | : |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court are, *pro se*, Plaintiff Duan B. Lattimore's ("Plaintiff") objections to the Report and Recommendation (Doc. 22) issued by Chief Magistrate Judge Stephanie K. Bowman. Plaintiff initiated this action asserting state and federal claims against Tri-State Auto Sales, Cincinnati Premier Finance, Glick Management, Joseph Glick, and EZ Tow ("Defendants"), stemming from the repossession of Plaintiff's vehicle. On September 9, 2025, Magistrate Judge Bowman issued a Report and Recommendation proposing dismissal of this action with prejudice for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Doc. 22. Plaintiff filed purported objections. Doc. 25.

Having considered *de novo* each aspect of the report to which Plaintiff has specifically objected, the Court **ADOPTS** the Report and Recommendation in its entirety and **DISMISSES** the action with **PREJUDICE**.

    **I.    BACKGROUND**

This case arises from a contract dispute. On December 6, 2024, Plaintiff purchased a 2018 Buick Envision (the "Vehicle") from Defendants and signed a retail installment contract

and security agreement. Doc. 1-10, PageID 26. The agreement required Plaintiff to make eighty-three bi-weekly payments to Defendants beginning on January 16, 2025. *Id.* Months later, after Defendants repossessed the Vehicle, Plaintiff, acting *pro se*, filed a Complaint (Doc. 1), which was followed by the filing of an Amended Complaint (Doc. 21), and several motions contesting the lawfulness of the repossession. According to Plaintiff, Defendants violated Ohio law, certain federal statutes, and lacked authority to repossess the Vehicle since Defendants were not properly licensed financial entities.[1] Doc. 2, PageID 74; Doc. 25, PageID 246. Defendants have not filed an answer.

After filing the Complaint, Plaintiff filed two companion or parallel state court actions, each stemming from the same event: Defendants' repossession of the Vehicle. Doc. 8, PageID 114. On June 27, 2025, Plaintiff filed an action in the Hamilton County Municipal Court.[2] Days later, on July 8, 2025, Plaintiff filed a similar lawsuit in the Hamilton County Common Pleas Court.[3] On September 9, 2025, the Magistrate Judge issued a decision in this case recommending dismissal of the action with prejudice for lack of subject matter jurisdiction and for failure to state a claim for relief. Doc. 22, PageID 230. The Magistrate Judge found that abstention was appropriate due to the ongoing state court litigation and found Plaintiff's claims to be frivolous and without any merit. *Id.* at 228–30. Plaintiff then filed purported objections.[4] Doc. 25. The matter is now ripe for consideration.

---

[1] Plaintiff asserts state law claims and federal claims under the Fair Credit Reporting Act, Truth in Lending Act, Fair Debt Collection Practices Act, and Racketeer Influenced and Corrupt Organizations Act in his objection. Doc. 25, PageID 246.
[2] Defendant withdrew this claim due to the ongoing proceedings in Common Pleas Court. *Lattimore v. Cincinnati Premier Finance*, No. 25-cv-18965. *See Granader v. Pub. Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969) ("Federal courts may take judicial notice of proceedings in other courts of record.").
[3] This case appears to be ongoing. Defendants moved to dismiss the state-court complaint and filed a motion for sanctions, and Plaintiff filed a motion in opposition. *Lattimore v. Cincinnati Premier Finance*, No. A2503331.
[4] Plaintiff admits use of artificial intelligence in preparation of his objections. Doc. 25, PageID 247-48. The Court notes that Plaintiff is subject to the requirements of Rule 11(b) of the Federal Rules of Civil Procedure even as a self-represented litigant, and failure to comply may result in sanctions.

## II. STANDARD OF REVIEW

If a party objects within the allotted time to a Report and Recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. LAW & ANALYSIS

1. Waiver.

After *de novo* review of Plaintiff's asserted "objections," it is apparent that Plaintiff has failed to properly state certain ones and has therefore waived any ability to challenge portions of the Report and Recommendation. Importantly, the District Court's review of the Report and Recommendation is limited to "any portion to which a *proper* objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013) (Emphasis added.). The mere acknowledgment of issues in the case, without addressing the Magistrate Judge's actual findings or proposed recommendations, leads to waiver. This means that general or unspecific objections are treated the same as a failure to object. *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); *see also Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

The Sixth Circuit's opinion in *Miller v. Currie* is informative. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). In that case, the Circuit found that the district court did not err after

3

adopting the magistrate judge's recommendations to dismiss the case. *Id*. According to the Circuit, the plaintiff failed to file specific objections to the magistrate judge's report when the objections were "summary in nature" and the plaintiff "failed *specifically* to address the findings of the magistrate." *Id*. (emphasis added) ("[Plaintiff's] objections disputed the correctness of the magistrate's recommendation but failed to specify the findings that [plaintiff] believed were in error."). Therefore, the plaintiff waived her objections.

Like *Miller*, Plaintiff in the instant proceeding failed to assert proper objections. Without directly addressing the Magistrate Judge's findings or proposed recommendations, Plaintiff instead raises several points: his recent complaint filed with the Ohio Attorney General regarding Defendants; the alleged history of "consumer complaints" filed against Defendants; and Plaintiff's explanation for filing multiple claims against different entities. Doc. 25, PageID 246–47. All these statements and activities taken together, however, fail to respond, or stated perhaps more poignantly, raise a "proper objection" to the Magistrate Judge's findings and proposed recommendations in this case. Plaintiff has therefore forfeited *de novo* review by this Court of these purported objections. *Miller*, 50 F.3d at 380 ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

    2. Abstention.

Plaintiff, however, made one clear objection. In his view, abstention is improper. The Magistrate Judge found that abstention was appropriate under the Supreme Court's *Younger* doctrine because 1) Plaintiff's state judicial proceedings [are] ongoing; 2) the state proceedings implicate important state interests; and 3) the state proceedings afford an adequate

4

opportunity [for Plaintiff] to raise federal questions there. *Younger v. Harris*, 401 U.S. 37 (1971); *Peebles v. Univ. of Dayton*, 412 F. Supp. 2d 814, 816 (S.D. Ohio 2005).

As an initial matter, state judicial proceedings are ongoing in the Hamilton County Common Pleas Court. In fact, Defendants appeared in that case, unlike this one, and recently moved to dismiss the complaint. *Doscher v. Menifee Cir. Ct.*, 75 F. App'x 996, 997 (6th Cir. 2003). ("[W]hen state proceedings are pending, principles of federalism dictate that the constitutional claims should be raised and decided in state court without interference by the federal courts."); *see Hicks v. Miranda*, 422 U.S. 332, 349 (1975) (state court proceedings warrant abstention if no substantial proceedings on the merits of the federal claims have occurred and particularly when they arise after the filing of a federal complaint).

According to Plaintiff, the Amended Complaint filed in this Court turns on Ohio's licensing requirements, which may implicate important state enforcement interests. Doc. 25, PageID 246. In support thereof, Plaintiff relies on an Ohio statute, Ohio Rev. Code §§ 1321.51-1321.52, to support his objections. *Id*. According to the Magistrate Judge, Plaintiff's assertions were ambiguous and "Plaintiff provide[d] no legal authority to support his allegation that any defendant [was] required to possess a valid lending license." Doc. 22, PageID 230. The Court agrees. It is not apparent whether the licensing requirements, as asserted by Plaintiff, are actually mandated under the statute or Ohio law generally. As a result, abstention will allow the state courts in Ohio where Plaintiff's parallel actions are still pending to have first crack at applying an Ohio statute which they will likely have greater familiarity with than this Court.

Finally, nothing prevents Plaintiff from asserting his federal law claims in state court. He disputes the correctness of such finding because "state courts cannot fully enforce" federal

statutes. Doc. 25, PageID 247. Plaintiff's views on the subject are mistaken, however. State courts must enforce federal law under the Constitution's Supremacy Clause. *Howlett v. Rose*, 496 U.S. 356, 367 (1990) ("Federal law is enforceable in state courts not because Congress has determined that federal courts would otherwise be burdened or that state courts might provide a more convenient forum . . . but because the Constitution and laws passed pursuant to it are as much laws in the States as laws passed by the state legislature. The Supremacy Clause makes those laws 'the supreme Law of the Land.'").

Thus, Plaintiff's argument that Ohio courts cannot "fully enforce" his federal claims are not well taken. If one of the Ohio courts (where Plaintiff's companion lawsuits are currently pending) decides to exercise jurisdiction, that court will be fully competent to adjudicate all of Plaintiff's claims, including those seeking to enforce the federal law mandated under our Constitution. Make no mistake, however, Plaintiff's ability to have his federal claims heard in state court will not necessarily assure him of victory. But at the very least Plaintiff will have his day in court where all his claims, state and federal, may be presented in one forum with competent jurisdiction to adjudicate them. In light of the foregoing, the Magistrate Judge found—and this Court agrees—that abstention is appropriate.

### IV. CONCLUSION

Having carefully reviewed the findings and conclusions of the Magistrate Judge and considered *de novo* all filings in this case, with particular attention to the issues as to which Plaintiff lodged specific objections, the Court determines that the Report and Recommendation should be adopted in its entirety. As a result, motions that Plaintiff filed currently pending before this Court are **MOOT**. Docs. 2, 8, 11, 12, 13, 14, 15, 16, 23, 24, 26,

6

and this action are hereby **DISMISSED** with **PREJUDICE**. For the reasons stated in the Report and Recommendation and pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this Order would lack an arguable basis in law or in fact and thus would not be taken in good faith. The Court accordingly **DENIES** Plaintiff leave to appeal *in forma pauperis*. In accordance with Fed. R. App. P. 24(a)(5), Plaintiff remains free to file a motion for leave to proceed on appeal *in forma pauperis* in the Sixth Circuit Court of Appeals. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

    **IT IS SO ORDERED.**

January 20, 2026

Jeffery P. Hopkins
United States District Judge